## DINSMORE *v.* CENTRAL R. Co. and others.

*(Circuit Court, D. New Jersey. December 7, 1883.)*

1. JURISDICTION—COLLUSIVE SUIT—OBJECTION, HOW RAISED.

   The objection to a bill that it was not exhibited in good faith, but collusively and in the interests of others, goes to the jurisdiction of the court, and should be raised by plea in abatement and not by answer.

2. SAME—EVIDENCE NOT SUFFICIENT TO ESTABLISH COLLUSION.

   The fact that some of the officials of a rival corporation, with which complainant has close business relations, have been friendly and active in giving him aid in the preparation of his case, will not sustain a charge of bad faith and render his suit collusive.

3. SAME—PRELIMINARY INJUNCTION REFUSED.

   Upon examination of the bill, answer, and affidavits, no circumstances entitling complainant to a preliminary injunction appearing to exist, the motion, therefore, is denied.

In Equity. Motion for preliminary injunction.

*Roscoe Conkling, Clarence A. Seward, Barker Grunmere,* and *Edward T. Green,* for plaintiff.

1. Neither the act of March 3, 1875, nor the common law gives this court or any court jurisdiction of a suit which is simulated and fictitious, or in which the *reus* on either side is not the real party in interest. Such suits are called "collusive," (*Gardner* v. *Goodyear,*

3 O. G. 295,) and when the collusion is proved the case is summarily dismissed as not within the proper jurisdiction of the court. *American M. P. Co.* v. *Vail,* 15 Blatchf. 315; *Cleveland* v. *Chamberlain,* 1 Black, 426; *Lord* v. *Veazie,* 8 How. 254.

2. The allegation of collusion—that is, the want of real interest in one of the actors—is an allegation that the court has no jurisdiction by reason of the character in which one of the parties sues or defends. This exception to the jurisdiction is called by the courts a "personal" exception; asserts that the position of a litigant is assumed, and that the party is not an honest *reus* or actor. *Forrest* v. *Manchester, etc., Ry. Co.* 4 De G., F. & J. 131; *Colman* v. *Eastern Cos. Ry. Co.* 10 Beav. 1; *Salisbury* v. *Metrop. Ry. Co.* 38 L. J. Ch. 251.

3. That a suit is collusive must be objected to by plea in abatement, and if a defendant answers upon the merits he waives the objection, and cannot thereafter contest the jurisdiction. Story, Eq. Pl. § 721; Daniell, Ch. Pr. (15th Ed.) 630; *Underhill* v. *Van Cortlandt,* 2 Johns. Ch. 339, 367; *Conard* v. *Atlantic Ins. Co.* 1 Pet. 386, 450; *Dodge* v. *Perkins,* 4 Mason, 435; *D'Wolf* v. *Rabaud,* 1 Pet. 476; *Wood* v. *Mann,* 1 Sumn. 581; *Evans* v. *Gee,* 11 Pet. 85; *Rhode Island* v. *Massachusetts,* 12 Pet. 719; *Nesmith* v. *Calvert,* 1 Wood. & M. 37; *Brown* v. *Noyes,* 2 Wood. & M. 81; *Webb* v. *Powers,* Id. 510; *Sims* v. *Hundley,* 6 How. 1; *Bailey* v. *Dozier,* Id. 30; *Smith* v. *Kernochen,* 7 How. 216; *Sheppard* v. *Graves,* 14 How. 509; *Wickliffe* v. *Owings,* 17 How. 51; *Jones* v. *League,* 18 How. 76; *Dred Scott* v. *Sandford,* 19 How. 397; *Whyte* v. *Gibbes,* 20 How. 542; *De Sobry* v. *Nicholson,* 3 Wall. 423; *Van Antwerp* v. *Hulburd,* 7 Blatchf. 427; *Pond* v. *Vermont V. R. Co.* 12 Blatchf. 297; *Gause* v. *Clarksville,* 1 FED. REP. 355; *Kern* v. *Huidekoper,* 103 U. S. 485; *Williams* v. *Nottawa,* 104 U. S. 211; Equity Rule, 39; *Livingston's Ex'r* v. *Story,* 11 Pet. 351, 393.

*B. Williamson, George M. Robeson, Franklin B. Gowen, James E. Gowen, A. C. Richey,* and *G. R. Kaercher,* for defendants.

NIXON, J. Two questions are presented for the consideration of the court—the first having reference to the *bona fide* character of the suit, and the second, to the propriety of the interference of the court, under the present aspect of the case, by ordering a preliminary injunction.

1. The answer of the defendants, after responding to the material allegations of the bill, charges that the bill of complaint was not exhibited in good faith, or for the honest purpose of asserting the complainant's rights as a stockholder of the New Jersey Central Railroad Company, but in the interests of a rival company to the Philadelphia & Reading and the New Jersey Central roads. This is an exception personal to the complainant, and going to the jurisdiction of the court, and if introduced into the pleadings for contestation, it should have been by a plea in abatement. It has no proper place in the answer, and is always regarded as waived after the defendants have answered upon the merits. But as a very large amount of testimony has been

taken upon the subject, I have deemed it best to lay aside all technical objections to the informal manner in which the matter has been presented, and to ascertain, if possible, whether the defendants have sustained their allegations by their proofs. After a careful examination of the testimony furnished, I am of the opinion they have not sustained them. The most that has been done is to show that some of the officials of a rival company, with which the complainant has close business relations, have been friendly and active in giving him aid in the preparation of his case. I have never understood that a lawsuit is of such an exclusive and sacred character that parties may not have the sympathies and accept the aid of associates and friends in carrying it on without subjecting themselves to the charge of collusion.

2. With regard to the second point, the learned counsel, on the argument, took even a wider range than the testimony, and much time was spent in the discussion of questions that more appropriately belong to the final hearing. I do not propose to follow them now. Without intending to intimate any opinion on the merits of the controversy, it is sufficient for my present purpose to say, that, looking at the bill, answer, and affidavits, which furnish to the court the evidence on which to act on the question of a preliminary injunction, I find no circumstances existing and no facts developed which, in my judgment, authorize me to interfere, at this stage of the proceedings, by ordering such an injunction to issue.

The motion is therefore denied, but without prejudice to the complainant to renew it if any subsequent acts of the defendants, before final hearing, should render its renewal necessary or proper.